TANEY COUNTY, MISSOURI, One of the Legal Sub-Divisions of the State of Missouri; THE BRANSON SPECIAL ROAD DISTRICT OF TANEY COUNTY, MISSOURI, a Corporation and a Legal Sub-Division of the State of Missouri; WILLIAM E. GOOCH, C. R. DOWNING and ARNOLD WOOD, Resident Tax-Payers of TANEY COUNTY, MISSOURI, Appellants, v. THE EMPIRE DISTRICT ELECTRIC COMPANY, a Corporation, Respondent, No. 41842—235 S. W. (2d) 271.

Division Two, January 8, 1951.

*Robert L. Gideon, Douglas Mahnkey* and *J. R. Gideon* for appellant.

574

*Richard K. McPherson* and *Ralph E. Baird* for respondent.

[271] TIPTON, J.—In the circuit court of Taney County the appellants filed this action in mandamus to compel the respondent to reconstruct a bridge over Lake Taneycomo at a point where a bridge was destroyed by flood waters on May 12, 1945. The trial court denied the writ and entered a judgment for respondent. The appellants have duly appealed.

Under authority of Congress, the Ozark Power and Water Company, a corporation, was given the right to construct a hydro-electric dam across White River, a navigable stream in Taney County. When the dam was completed it would inundate and render unusable certain roads on this river from the dam site three miles above Forsyth to Branson. On September 25, 1911, the County Court of Taney County entered its .order assenting to the construction of the dam. This order recites that Taney County gave its assent for the construction of the dam on the condition that the Ozark Power and Water Company build "a steel highway bridge across the White River at the Town of Branson in said County at or near the foot of Main street in said town, said bridge to rest on concrete or concrete and steel piers and at a height, viz.: at 715 feet above sea level, sufficient to make it safe

for travel at any stage of water, said bridge to be at least 14 feet wide, except for 150 feet at the center of the bridge when it shall be at least 18 feet wide so as to allow wagons to pass and repass each other, said bridge to have strong and safe banisters on either side for the full length of the structure, including the approaches, to cost approximately $15,000.00, construction work on said bridge to begin on or before the first day of March 1912, said bridge [272] when completed to become the property of Taney County, and be a part of the free public highways for said Taney County." Subsequently, on the 7th day of June, 1913, the County Court of Taney County for and on behalf of said county entered its order providing that if Ozark Power and Water Company "pays into the Treasury of this County the sum of Ten Thousand and Six Hundred Dollars ($10,600), * * * said payment will (be) accepted and received from said Ozark Power and Water Company in full settlement, adjustment and compromise of all claims and demands of every kind and character" between Taney County and Ozark Power and Water Company. Thereafter, on the 7th day of June, 1913, Ozark Power and Water Company paid $10,600 to the county treasurer of Taney County.

The Ozark Power and Water Company constructed the bridge according to the specifications of the order of the County Court of Taney County and the bridge was accepted by the county.

On April 14, 1927, the Ozark Power and Water Company conveyed the dam, site and structure to the respondent who operates a hydro-electric generating station at the dam.

In the years 1922, 1927 and 1943, the State Highway Commission of Missouri made extensive repairs and alterations upon the bridge in question. No demands were made by Taney County to make these repairs upon the Ozark Power and Water Company or the respondent. Taney County and the Branson Special Road District made repairs on this bridge. This bridge was the only means of crossing the lake by motor car and wagon until the Missouri State Highway Department constructed a new bridge on U. S. Highway 65, which is located about a mile from the site of the bridge in question. On May 12, 1945, this bridge was destroyed by an unprecedented flood. There was evidence that there were some people inconvenienced by the necessity to use the highway bridge after this bridge was destroyed.

The bridge constructed by the Ozark Power and Water Company was at a site where there had not previously been a road or bridge across White River.

First, it is the contention of the appellants that the order entered by the Taney County Court obligated the company to build a bridge "at a height * * * sufficient to make it safe for travel at any stage of water," and that since the bridge was destroyed by a flood it is the duty of respondent as successor in title to the dam to

replace the destroyed bridge. On the other hand, respondent contends that there is nothing in the contract requiring it to rebuild, reconstruct and maintain the bridge.

The essential parts of this order have already been stated, but there is a dispute as to whether the contract required a bridge to be built "715 feet above sea level" or at a height "sufficient to make it safe for travel at any stage of water." The order states a bridge was to be built by the Ozark Power and Water Company "across the White River at the Town of Branson * * * at or near the foot of Main Street * * * at a height, viz.: 715 feet above sea level, sufficient to make it safe for travel at any stage of water * * *."

"Viz." is an abbreviation of *videlicet* and is defined by Webster's New International Dictionary, Second Edition, to mean "namely." With that definition in mind, the order clearly means that the bridge is to be built at a height, namely, 715 feet above sea level. The phrase, "to make it safe for travel at any stage of water," as used here, means that that would be so if built 715 feet above sea level. But if we concede that this language is ambiguous, which we do not, then the specific words take precedence over the general words in this order. Meyers v. Wood, 173 Mo. App. 564; Barnett v. Logan, 210 S. W. 440. The terms of the contract were complied with when the bridge was built 715 feet above sea level.

There is not one word in the order of the county court requiring the Ozark Power and Water Company to rebuild, reconstruct or to forever maintain the bridge. If it was the intention of the county court [273] that the company was to rebuild the bridge it could easily have used words signifying that intention.

The company by building the dam would inundate certain roads belonging to Taney County and that county would be entitled to damages for the loss of its roads. The amount of damages could be ascertained by a court action or by agreement. Greene County v. Tennessee Eastern Electric Co., 40 F. 2d 184; Tennessee Electric Power Co. v. White County, 52 F. 2d 1065. Taney County and the Ozark Power and Water Company agreed to settle the damages the county sustained. That agreement required the company to build a bridge according to certain specifications, but that agreement did not require the company to replace or to maintain the bridge. The fact that the county and the special road district did maintain and repair this bridge shows that these appellants understood that under the contract the company was not to maintain or rebuild the bridge.

On June 7, 1913, the Taney County Court entered its order which provided that if the Ozark Power and Water Company would pay into the county treasury the sum of $10,600, the "said payment will (be) accepted and received * * * in full settlement, adjustment and compromise of all claims and demands of every kind and character." On the same date the Ozark Power and Water Company

accepted the county's offer and paid the money into the county treasury. The Branson Special Road District was also a party to this settlement. There is no doubt that Taney County had a right to make this settlement. Greene County v. Tennessee Eastern Electric Co., supra; Tennessee Electric Power Co. v. White County, supra.

Instead of violating the contract of September 25, 1911, to build a bridge, the evidence conclusively shows that the Ozark Power and Water Company fully performed its part of that contract. Moreover, the compromise settlement of June 7, 1913, is a complete bar to this action.

Appellants also contend that respondent has a common law duty to rebuild the bridge in question. It is not necessary for us to decide that question because it is not within the pleadings. The cause of action pleaded by appellants is one based upon the contract of September 25, 1911. Paragraph VIII of appellants' petition reads as follows:

"Your petitioners state that they have no adequate remedy under the ordinary process or proceedings at law, and therefore, pray this Honorable Court to issue its alternative writ of mandamus, direct—to the respondent, The Empire District Electric Company, requiring it to show cause if any it has, why it should not build a new bridge at the site of the old bridge as provided in the contract between Taney County and the Ozark Power and Water Company, predecessors in title to the respondent; and upon a hearing of said cause to make the alternative writ permanent and absolute, requiring the said defendant to grant the petitioners the relief prayed for herein."

This paragraph clearly shows the petition is based upon the contract and not on a common law cause of action.

It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.